In The United States District Court
For The Southern District Of Texas
Houston Division

| | | |
|---|---|---|
| Stanley J. Fernandes, and All Others Similarly Situated<br>   Plaintiffs | )<br>)<br>)<br>) | Civil Action<br>File No. |
| v. | )<br>) | Jury Demanded |
| Aldine Fortune, Inc., Mubarak Ali Maredia, Rafik Akbaralt Bhandari, Azim Mubarak Maredia<br>   Defendants | )<br>)<br>)<br>)<br>) | |

**Plaintiff's Original Collective Action Complaint**

NOW COME PLAINTIFFS, Stanley J. Fernandes, and all others similarly situated, and complain of Defendants Aldine Fortune, Inc., Mubarak Ali Maredia, Rafik Akbaralt Bhandari, Azim Mubarak Maredia (collectively, "Defendants"), and for cause of action would respectfully show the Honorable Court as follows:

**I.
Introduction and Summary**

1. Stanley J. Fernandes brings this civil action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"). He seeks unpaid overtime wages from the Defendants. He also seeks unpaid overtime wages on behalf of other similarly situated employees.

2. Defendants own, operate and control several gasoline stations / convenience stores in the Houston Metropolitan area. Mr. Fernandes worked as a clerk for the Defendants at one such gasoline station and convenience store, branded as an Exxon and Burger King.

3. Although Mr. Fernandes worked in excess of 40 hours each week, he did not receive overtime wages as the FLSA requires. *See* 29 U.S.C. § 207(a).

4. Defendants paid Mr. Fernandes cash, and kept no time or pay records.

5. Mr. Fernandes believes the Defendants have a pattern and practice of violating the FLSA because he and other employees received straight-time pay for overtime hours worked.

6. This action seeks unpaid overtime wages, liquidated damages, attorneys' fees, costs, and post-judgment interest for Defendants' willful and repeated violations of the FLSA.

## II.
## Subject Matter Jurisdiction and Venue

7. Mr. Fernandes brings before this Court his claims pursuant to a federal statute – the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. Thus, the Court has federal question jurisdiction pursuant to 28 U.S.C. §1331.

8. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III.
## Parties and Personal Jurisdiction

9. **Stanley J. Fernandes**, Plaintiff, is a resident of Harris County, Texas. Plaintiff worked as a clerk for a Houston-based business owned and operated by the Defendants.

10. **Members of the "Plaintiff Class"** are current and former gas station clerks who work, or worked, at one or more of Defendants' business establishments.

11. Defendant, **Aldine Fortune, Inc.**, is a Texas corporation to be served with summons and complaint by serving its duly appointed registered agent, Firdos Prasla, at the address the legal entity designates for service, 222 Pennbright Drive, Suite 140, Houston, Texas 77090. This Defendant is engaged in business in the State of Texas by its ownership and operation of one or more gasoline stations and/or convenience stores, and for this reason the Court has personal jurisdiction over this Defendant.

12. Defendant, **Mubarak Ali Maredia,** may be served with summons and complaint at his residential address, 7606 Ikes Pond Drive, Spring, Texas 77389. This Defendant has acted,

directly or indirectly, in the interest of an employer with respect to the Plaintiff. Further, this Defendant resides, and is engaged in business, in the State of Texas, and for this reason the Court has personal jurisdiction over this Defendant. This Defendant, owns (or owned) and operates (or operated) several related business establishments engaged in interstate commerce or in the production of goods for interstate commerce.

13. Defendant, **Rafik Akbaralt Bhandari,** may be served with summons and complaint at his residential address, 7118 Dekadine Court, Spring, Texas 77379. This Defendant has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff. Further, this Defendant resides, and is engaged in business, in the State of Texas, and for this reason the Court has personal jurisdiction over this Defendant. This Defendant, owns (or owned) and operates (or operated) several related business establishments engaged in interstate commerce or in the production of goods for interstate commerce.

14. Defendant, **Azim Mubarak Maredia,** may be served with summons and complaint at his residential address, 7606 Ikes Pond Drive, Spring, Texas 77389. This Defendant has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff. Further, this Defendant resides, and is engaged in business, in the State of Texas, and for this reason the Court has personal jurisdiction over this Defendant. This Defendant, owns (or owned) and operates (or operated) several related business establishments engaged in interstate commerce or in the production of goods for interstate commerce.

### IV.
### Allegations of Employment Relationship

15. For purposes of this action, the "relevant period" is the time-period commencing on the date that is three years prior to the filing of this action, and continuing thereafter until time of trial and judgment.

16. At all material times, Plaintiff and all members of the Plaintiff Class have been "employees" within the meaning of 29 U.S.C. § 203(e).

17. During the relevant period, Defendant Mubarak Ali Maredia was in the business of selling gasoline and convenience store items to the general public. To this end, Defendant Maredia employed clerks and, directly or indirectly, managed all aspects of their employment.

18. During the relevant period, Defendant Rafik Akbaralt Bhandari was in the business of selling gasoline and convenience store items to the general public. To this end, Defendant Bhandari employed clerks and, directly or indirectly, managed all aspects of their employment.

19. During the relevant period, Defendant Azim Mubarak Maredia was in the business of selling gasoline and convenience store items to the general public. To this end, Defendant Maredia employed clerks and, directly or indirectly, managed all aspects of their employment.

20. Each Defendant fits within the definition of an "employer" as defined at 29 U.S.C. § 203(d), and as further referenced by the U.S. Supreme Court as "'the broadest definition that has ever been included in any one act.'" *United States v. Rosenwasser*, 323 U.S. 360, 363 n.3 (1945) (quoting 81 CONG. REC. 7657).

21. During the relevant period, Defendants were a "joint employer". *See, Donovan v. Sabine Irrigation Co., Inc.*, 695 F.2d 190 (5th Cir. 1983); *Hodgson v. Griffin & Brand of McAllen, Inc.,* 471 F.2d 235 (5th Cir. 1973), *cert. denied*, 414 U.S. 819 (1973); *Mednick v. Albert Enterprises, Inc.*, 508 F.2d 297 (5th Cir. 1975).

22. Defendants were a joint employer for purposes of this collective action. 29 C.F.R. §791.2(b).

23. As employers, the Defendants are not completely disassociated with respect to the employment of members of the Plaintiff Class (which includes Mr. Fernandes), and are thus deemed to share control of these employees, directly or indirectly, by reason of the fact that

Defendants' businesses where Plaintiff and the Plaintiff Class worked are (or were) under common control. 29 C.F.R. §791.2(b)(3).

24. During the relevant period, Defendants were an "integrated enterprise".

25. In the process of managing their gas station businesses, Defendants collectively acted, directly or indirectly, in the interest of the employer with respect to each employee in the Plaintiff Class. "Superficially distinct entities may be exposed to liability upon a finding that they represent a single, integrated enterprise: a single employer". *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983).

26. In clearest and most basic terms, Defendants employ clerks to sell gasoline and convenience store items to the general public.

27. And, no matter how significant the intricacies of achieving their business goals were to the Defendants, such intricacies do not defeat the fact that Defendants were an integrated enterprise.

28. Defendants' corporate and management fragmentation, and the fact that their gas stations operate in multiple geographic locations, does not interfere with the determination of an "integrated enterprise".

29. As owners and operators of their gas station and convenience store businesses, the individual Defendants (i.e., Mubarak Ali Maredia, Rafik Akbaralt Bhandari and Azim Mubarak Maredia) possessed authority to set wage and overtime policies for all clerks they employed at such businesses.

30. The wage and overtime policies the Defendants devised and implemented for their businesses violated the overtime pay provisions of the FLSA because Plaintiff and the Plaintiff Class worked overtime hours for which they received straight-time wages.

# V.
## Allegations of "Enterprise" and "Individual" Coverage

31. "Enterprise" and "Individual" coverage existed during the relevant period.

32. Individual coverage existed because in dispensing his duties for the Defendants as a gas station / convenience store clerk (i.e., selling gasoline and other items to customers and businesses' employees who were either travelling between states or who had travelled to or from other states), Mr. Fernandes was engaged in interstate commerce. 29 U.S.C. § 207(a)(2)(C).

33. Defendants' enterprise meets the requirements of 29 U.S.C. § 203(s)(1)(A). Defendants have (or had) employees engaged in commerce or in the production of goods for commerce, and/or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

34. In the course of owning and operating gasoline stations / convenience stores, Defendants' employees regularly utilized the instrumentalities of interstate commerce (i.e., mail, telephone, credit cards, banks, etc.), and regularly handled materials that have been moved across state lines (i.e., gasoline, food items, alcohol, cleaning supplies, mops, brooms, computers, towels, soap, cleaning chemicals, etc.). Defendants are thus "engaged in commerce" and have worked on "goods or materials that have been moved in … commerce". *See, Reyes v. Rite-Way Janitorial Serv.*, No. H-15-0847, 2016 U.S. Dist. LEXIS 18172 (S.D. Tex. Feb. 16, 2016), quoting *Polycarpe v. E & S Landscaping Serv.*, 616 F.3d 1217 (11th Cir. 2010).

35. Additionally, during each of the past three years prior to the filing of this action, and continuing thereafter, the Defendants had at least $500,000 in "annual gross volume of sales made or business done." 29 U.S.C. § 203(s)(1)(A)(ii).

36. Defendants are an enterprise under 29 U.S.C. § 203(r)(1), collectively engaged in related activities performed under common control for a common business purpose, irrespective of the fact that such related activities were performed by one or more legal entity.

## VI.
## Collective Action Allegations

37. Pursuant to 29 U.S.C. §216(b), Mr. Fernandes seeks certification as to all similarly situated employees who worked for the Defendants during the relevant period. The designation of collective action status in FLSA cases is well-settled law, consistently applied to cases such as the one Mr. Fernandes has filed. See, *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207 (5th Cir. 1995).

38. The "similarly situated employee" standard at the initial certification stage is lenient, plaintiff's burden is not heavy, the evidence needed is minimal, and the existence of some variations between potential claimants is not determinative of lack of similarity. *Prejean v. O'Brien's Response Mgmt.*, 2013 U.S. Dist. LEXIS 158948 *15.

39. Further, in instances where a motion for conditional certification involves a potential class of employees that worked for separate, but related, employers, courts have reserved consideration of whether the separate employers are joint employers for a final, stage two determination. *Velazquez v. FPS LP*, 2014 U.S. Dist. LEXIS 107073, *16, 2014 WL 3843639 (Hon. Harmon, J.), quoting *McKnight v. D. Houston., Inc.*, 756 F. Supp. 2d 794, 806 (S.D. Tex. 2010) (Hon. Rosenthal, J.). As such, conditional class certification is appropriate as to present and former clerks of Defendants because the Defendants, in all material respects, are related.

40. Defendants' widespread policy and practice of paying employees' overtime wages at straight-time hourly rates violates the FLSA. Plaintiff thus seeks notice to issue to all employees of the Defendants who together were victims of these legal violations. *See* 29 U.S.C. §207(a)(1).

41. By failing to document the pay owed to Plaintiff and to members of the Plaintiff Class, the Defendants also committed repeated and willful violations of the recordkeeping requirements of the FLSA. *See,* 29 U.S.C. §211(c); 29 C.F.R. §516. 29; and C.F.R. §516.27.

42. Defendants own and operate the aforementioned businesses, and they set this uniform pay policy shared by all of their businesses. This common policy is *prima facie* evidence

of "some identifiable facts or legal nexus [that] bind the claims so that hearing the cases together promotes judicial efficiency." *McKnight v. D. Hous., Inc.*, 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010) (Rosenthal, J.).

43. Members of the Plaintiff Class, including Mr. Fernandes, have been victimized by Defendants' ill-conceived patterns, practices, and policies that violate the FLSA. Other similarly situated employees were denied their lawful overtime wages. Plaintiff's experiences are typical of the experiences of members of the Plaintiff Class as it pertains to unpaid overtime; and, any variation in job titles or job requirements of members of the Plaintiff Class do not prevent collective treatment when there exists said legal nexus binding the employees together as a class.

44. Further, although the amount of damages may vary among individual members of the Plaintiff Class, there is no detraction from the common nucleus of liability facts that render this matter appropriate as a collective action under 29 U.S.C. § 216(b).

45. All current and former non-exempt employees, regardless of job title, job requirements, or rate of pay, to whom the Defendants have denied overtime compensation for hours worked in excess of 40 in one or more workweek, are similarly situated to Plaintiff, and are thus appropriate members of the Plaintiff Class.

46. All current and former non-exempt employees employed by Defendants' business establishments, who at any time during the three years prior to the date of filing of this action to the date of judgment were denied overtime compensation in any given workweek may properly be included as members of the Plaintiff Class.

47. The class Mr. Fernandes seeks to represent is comprised of <u>all current and former non-exempt employees of the Defendants 1) who worked at any business establishment of Defendants located in Texas that was owned, operated and / or acquired during the class period, and 2) who the Defendants failed to compensate at the proper hourly overtime rate</u>.

48. Individuals who opt into the collective action will be added to this litigation, and copies of their written consents to join a collective action will be filed with the Court.

## VII.
## Mr. Fernandes' Employment History with the Defendants

49. Defendants employed Mr. Fernandes from January 17, 2019, until June 19, 2019, as a clerk at one of their business establishments, a large Exxon branded gas station, convenience store and fast food restaurant doing business as "Exxon", "Roadster #9", "Texas Mart #11" and "Burger King", located at 21505 Aldine Westfield Road, Humble, Texas 77338 ("the Exxon").

50. Mr. Fernandes typically worked each week from 1:00 p.m. until 11:00 p.m., Monday through Saturday; and, from 9:00 a.m. to 11:00 p.m. on Sundays.

51. At the time Mr. Fernandes was hired, the Defendants informed him he would be paid at $11.00 per hour in cash, and no overtime pay.

52. Mr. Fernandes' work duties included operating the cash register, assisting customers (including customers with out-of-state driver's licenses and vehicle license plates) with gasoline and other purchases from the convenience store, and upkeep and cleaning of the premises.

53. In performing his work duties, Mr. Fernandes utilized instrumentalities of interstate commerce (i.e., mail, telephone, credit cards, checks, banks, etc.), and regularly handled materials that have been moved across state lines (i.e., food items, alcohol, cleaning supplies, mops, brooms, computers, towels, soap, cleaning chemicals, gasoline, etc.).

54. Among other gas stations and convenience stores in their enterprise, Defendants Mubarak Ali Maredia, Rafik Akbaralt Bhandari and Azim Mubarak Maredia (the "Individual Defendants") exercised control over the business and financial affairs of the Exxon.

55. Although Defendants' enterprise includes other individuals who may be liable under the FLSA as Plaintiff's employer, Mr. Fernandes primarily had regular contact with, or

observed regular management of the Exxon by, the Individual Defendants.

56. Mr. Fernandes observed the Individual Defendants manage the business affairs of the Exxon on a regular basis, and he understood them to have the authority to do so.

## VIII.
## Cause of Action: Violation of the FLSA and Failure to pay overtime wages

57. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

58. Plaintiff and all others similarly situated are non-exempt employees – that is, these individuals are entitled to receive overtime wages under the FLSA for all hours they have worked in excess of 40 during each seven-day workweek.

59. During his employment with the Defendants, Mr. Fernandes worked overtime hours on a weekly basis at the request of his employer.

60. Defendants informed Mr. Fernandes that no overtime would be paid despite Plaintiff being required to work overtime hours on a weekly basis.

61. Plaintiff received no overtime wages due to the Defendants' policy of paying straight-time for overtime hours worked.

62. Additionally, the Defendants did not pay overtime wages to any similarly situated non-exempt employees who worked as clerks at their businesses because of their uniform policy of paying straight-time for overtime hours worked.

63. Defendants do not possess contemporaneous, complete and accurate records of the number of hours Plaintiff and members of the Plaintiff Class worked.

64. Defendants do not possess contemporaneous, complete and accurate records of the amount of wages Plaintiff and members of the Plaintiff Class earned. Mr. Fernandes received cash from the Defendants, and some or all members of the Plaintiff Class received cash as well.

65. Because the Defendants have a wide-spread policy and practice of not paying employees' overtime pay, the Defendants and their businesses violated 29 U.S.C. § 201, *et seq*.

66. Defendants' violations of the FLSA were willful. No exemption applied to Plaintiff or members of the Plaintiff Class, and Defendants chose not to pay any overtime wages.

67. As such, Plaintiff and members of the Plaintiff Class sue for their unpaid overtime wages falling within the three-year period preceding the filing of this civil action, and continuing thereafter until time of jury verdict and judgment.

68. Plaintiff and members of the Plaintiff Class seek an amount of back-pay equaling the total unpaid overtime wages earned from the date they commenced employment for the Defendants until the date of jury verdict and judgment (or their last day of employment, if earlier).

69. Plaintiff and members of the Plaintiff Class further seek an additional equal amount as liquidated damages, as well as reasonable attorney's fees and costs under 29 U.S.C. § 216(b), along with post-judgment interest at the highest rate allowed by law.

## IX.
## Attorneys' Fees and Costs of Litigation

70. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

71. Plaintiff and members of the Plaintiff Class seek to recover their attorneys' fees and costs for prosecuting this civil action. 29 U.S.C. § 216(b) states, in part, that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## X.
## Jury Demand

72. Plaintiff and the Class demand a jury trial on all issues that may be tried to a jury.

# XI.
# Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, Plaintiff Stanley J. Fernandes and all others similarly situated respectfully request that upon final hearing, the Honorable Court grant Plaintiff and members of the Plaintiff Class, relief against Defendants Aldine Fortune, Inc., Mubarak Ali Maredia, Rafik Akbaralt Bhandari and Azim Mubarak Maredia, jointly and severally, as follows:

a. Authorize the issuance of notice to all of Defendants' similarly situated employees who were employed during the relevant three-year lookback period, informing them of their right to participate in this lawsuit;

b. Declare that the Defendants violated 29 U.S.C. § 207 by failing to pay Plaintiff and members of the Plaintiff Class overtime pay at one and one half times their regular hourly base rate for all hours in excess of 40 worked during each seven-day work period during the three-year lookback period;

c. Declare that Defendants' violations of the FLSA are willful for all purposes;

d. Order Defendants to pay liquidated damages to Plaintiff and to members of the Plaintiff Class in an amount equal to the unpaid overtime wages;

e. Order Defendants to pay all reasonable attorneys' fees and costs of the suit;

f. Order Defendants to pay post-judgment interest at the highest lawful rate; and,

g. Order all further relief, whether legal, equitable or injunctive, as may be necessitated to effectuate full relief to Plaintiff and members of the Plaintiff Class.

Respectfully submitted,

**ALI S. AHMED, P.C.**

By: /s/ Salar Ali Ahmed
**Salar Ali Ahmed**
Federal Id. No. 32323
State Bar No. 24000342
430 W. Bell Street
Houston, Texas 77019
Telephone: (713) 898-0982
Email: aahmedlaw@gmail.com

**Attorney for Plaintiff,
Stanley J. Fernandes**